1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10  STEVEN C. EMERY,                              CASE NO. 1:10-cv-01947-LJO-GBC (PC)

11         Plaintiff,                            ORDER DENYING PLAINTIFF'S MOTION
                                                 TO COMPEL
12         v.
                                                 Doc. 18
13  MICHAEL HARRIS,
                                                 ORDER DENYING PLAINTIFF'S MOTION
14         Defendant.                            TO STRIKE DEFENDANT'S OPPOSITION

15  _____ /  Doc. 20

16

17         On October 18, 2010, Plaintiff Steven C. Emery ("Plaintiff"), a state prisoner proceeding pro

18  se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On June

19  24, 2011, the Court found a cognizable Eighth Amendment excessive force. Doc. 8. On April 23,

20  Plaintiff filed a motion to compel. Doc. 18. On May 14, 2012, Defendant filed an opposition. Doc.

21  19. On June 5, 2012, Plaintiff filed a motion to strike Defendant's opposition, alleging it was

22  untimely filed. Doc. 20. On June 22, 2012, Defendant filed an opposition to Plaintiff's motion to

23  strike. Doc. 21. This matter is deem submitted pursuant to Local Rule 230(l).

24         Pursuant to Local Rule 230(l), a party has twenty-one (21) days to file an opposition to a

25  motion. On April 23, 2012, Plaintiff filed his motion to compel. Twenty-one (21) days later, on May

26  14, 2012, Defendant filed his opposition. Thus, Defendant's opposition was timely filed. Plaintiff's

27  motion to strike Defendant's opposition is DENIED.

28  //

In Plaintiff's motion to compel, he states that Defendant objected and failed to fully respond to his requests for production of documents. Mot. Compel at 2-3, Doc. 18. In response to Plaintiff's motion to compel, defense counsel submitted a declaration stating that after receiving Plaintiff's discovery requests, counsel reviewed files to locate every pertinent discovery item, created copies of the materials, and sent the materials to Plaintiff at Defendant's expense. Opp'n at 2-3, Doc. 19-1. The materials included a video, at least 42 separate pictures, and hundreds of pages of documents, including without limitation the Crime/Incident Report (Form 837), the Rule Violation Report (Form 115), Medical Reports of Injury (Form 7219), and Inmate Appeals (Form 602). *Id.* To date, counsel has not withheld anything from Plaintiff on the basis of privilege. *Id.* Defendant does not possess any relevant materials other than those already produced, and counsel does not believe, or have any reason to believe, that an internal investigative report exists. *See id.*

This court cannot compel Defendants to produce documents that do not exist or are not in their possession or control. *See* Fed. R. Civ. P. 34(a)(1). See *also United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989) (a party seeking production of documents bears the burden of showing the opposing party has control over them).

Accordingly, Plaintiff's motion to compel is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   July 12, 2012

UNITED STATES MAGISTRATE JUDGE