# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN C. EMERY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL HARRIS,<br><br>　　　　Defendant. | Case No. 1:10-cv-01947 LJO DLB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br>(Document 31)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO WITHDRAW ADMISSIONS AS MOOT<br>(Document 35) |

　　　　Plaintiff Steven C. Emery ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 18, 2010. Defendant filed a Motion for Summary Judgment on October 19, 2012, and the matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On May 13, 2013, the Magistrate Judge issued Findings and Recommendations to deny Defendant's Motion for Summary Judgment. The Findings and Recommendations were served on the parties and contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty days. Defendant filed objections on June 10, 2013, and Plaintiff filed his reply on July 3, 2013.

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Defendant's objections and Plaintiff's reply, the Court finds that the Findings and Recommendations are supported by the

1 record and by proper analysis.

2     Defendant presents two arguments in his objections.  He first objects to the Magistrate
3 Judge's decision to construe the explanation in Plaintiff's opposition as a request to withdraw his
4 admissions.  Defendant contends that a request to withdrawal may only be made by noticed motion
5 and the Court's *sua sponte* decision therefore deprived him of an opportunity to respond to the
6 request.

7     In light of the Ninth Circuit's recent reiteration of the deference afforded to pro se prisoners
8 in law and motion practice, the Magistrate Judge did not err in construing a portion of Plaintiff's
9 opposition as a request to withdraw admissions.  <u>Johnson v. Gonzalez</u>, No. 12-15136, 2013 WL
10 2250065 (9th Cir. May 23, 2013).  Plaintiff offered an explanation for the late responses in his
11 opposition, and contrary to Defendant's current position, Defendant was able to set forth his
12 response to Plaintiff's explanation in his reply.  Moreover, had the Magistrate Judge refused to
13 consider Plaintiff's explanation, summary judgment would likely have been granted solely on the
14 basis of his admissions.  *This* refusal would likely have been deemed an abuse of discretion.

15     Moving to the merits of his motion, Defendant agrees that the Magistrate Judge correctly
16 identified the crux of the Eighth Amendment analysis- "whether Plaintiff's over-the-shoulder glance
17 was a sufficient threat to justify Defendant Harris's use of force."  Find. & Recomm. 8, May 13,
18 2013.  In determining that the disputed facts were key to this analysis, the Magistrate Judge included
19 a footnote explaining that Defendant had not presented evidence to show that he knew of Plaintiff's
20 status as a "hateful" inmate at the time of their altercation.  <u>Id</u>. 8, n. 2.

21     In an effort to remedy this deficiency, Defendant now attempts to offer his declaration,
22 submitted for the first time with his objections.  The declaration states that as of the date of the
23 altercation, Defendant "understood Mr. Emery was a white supremacist, based upon his documented
24 history, his affiliations and his repeated refusals to associate with other races."  Harris Decl. Ex. A,
25 ECF 32-1.

26     Setting aside, for the moment, whether this declaration would have altered the Magistrate
27 Judge's findings, the Court finds Defendant's explanation for the late submission curious, at best.
28 Defendant Harris states that he was on an extended vacation from October 8, 2012, until October 29,

1  2012. When he returned to work, he discovered that he had received emails from his attorney "in the
2  days leading up to October 20, 2012," requesting that he review his declaration in support of the
3  Motion for Summary Judgment. Harris Decl. ¶¶ 2-3. He attaches the declaration that he states he
4  *would have signed* if he had been available, as Exhibit A. Harris Decl. ¶ 4.

5  It is remarkable that counsel, rather than requesting an extension of the October 19, 2012,
6  dispositive motion deadline, would submit a Motion for Summary Judgment without a declaration
7  from the sole Defendant in an excessive force claim. Of course, Plaintiff now objects to Defendant's
8  attempt to introduce the declaration at this stage of the proceedings.

9  The Court agrees that Defendant's declaration has not been property submitted. Nonetheless,
10  Defendant's statement of personal knowledge would not necessarily have changed the Magistrate
11  Judge's findings. Defendant's knowledge of Plaintiff's alleged racial beliefs was only mentioned in
12  an explanatory footnote. Even taking this into consideration, genuine issues of disputed facts
13  remain. Defendant contends that Plaintiff turned towards him and swung at him with a closed fist.
14  Plaintiff maintains that he was complying with Defendant's orders to cuff up and endured 90
15  seconds of verbal abuse prior to being struck by Defendant and knocked to the ground. As Plaintiff
16  was face down on the ground, Plaintiff states that Defendant continued to beat him. Find. &
17  Recomm. 8, May 13, 2013. Whether Defendant knew of Plaintiff's beliefs does not alter these
18  disputed facts.

19  Defendant's arguments are unconvincing.

20  Accordingly, IT IS HEREBY ORDERED that:

21  1.   The Findings and Recommendations, filed May 13, 2013, are ADOPTED in full;

22  2.   Defendant's Motion for Summary Judgment is DENIED (Document 25); and

23  3.   Plaintiff's Motion to Withdraw Admissions, filed on July 3, 2013, is DENIED AS
24  MOOT.

IT IS SO ORDERED.

Dated:   **July 10, 2013**               /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE