1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   STEVEN C. EMERY,                          1:10-cv-01947-JLT (PC)

12              Plaintiff,                      **AMENDED PRETRIAL ORDER**

13         v.                                   **Deadlines:**

14   HARRIS,                                    Motions in Limine Filing: 1/10/14

15              Defendant.                      Oppositions to Motions in Limine: 1/24/14

16                                              Trial Submissions: 2/7/14

17                                              Jury Trial: February 25, 2014, 8:30 a.m.
                                                          Courtroom 6
18

19         Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

20   action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that he suffered excessive force when

21   Defendant Harris physically attacked him.  Officer Harris denies that he used excessive force and

22   claims he was required to use force due to Plaintiff's combativeness and refusal to comply with

23   lawful orders.

24         This matter has completed discovery and dispositive motions have been decided. Pursuant

25   to Rule 16(b) of the Federal Rules of Civil Procedure, the Court will by this order set a further

26   schedule for this litigation.  Upon consideration of the parties' comments at hearing, the parties'

27   pretrial statements and the file in this case, the Court issues the following pretrial order.

28   / / /

                                                1

**A.     JURISDICTION/ VENUE**

Plaintiff seeks relief under 42 U.S.C. § 1983.  Therefore, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343.  In addition, Plaintiff's claims arise out of events that occurred at Corcoran Prison, located in Corcoran, California.  Accordingly, venue is proper in the United States District Court for the Eastern District of California sitting in Bakersfield.  28 U.S.C. § 1391.

**B.     JURY TRIAL**

Plaintiff included a demand for jury trial in his original complaint.  Defendants also included a demand for jury trial in their answers.  Accordingly, trial will be by jury.

**C.     UNDISPUTED/DISPUTED FACTS**

It appears the parties agree only that an altercation occurred related to a package Plaintiff wished to receive.  Exactly what occurred, how and why are disputed.

**E.     DISPUTED EVIDENTIARY ISSUES**

Plaintiff's Evidentiary Issues

Plaintiff intends to file several motions *in limine*, in accordance with the Court's *in limine* schedule.

Defendant's Evidentiary Issues

1.     Defendant will file a motion in limine to exclude mention of injuries to Plaintiff's body, since he admits he cannot prove Defendant hit him anywhere but the face.

2.     Defendant will also file a motion in limine to exclude unnecessary discussion regarding his decision to deny Plaintiff's quarterly package because it is not relevant to the reasonableness of the force used.

3.     Defendant will file a motion in limine to prevent Plaintiff from presenting correspondence he received from defense counsel as evidence at trial

**F.     SPECIAL FACTUAL INFORMATION**

Plaintiff's Special Factual Information

Plaintiff does not identify any specific factual information.

/ / /

2

<u>Defendant's Special Factual Information</u>

This case centers around a physical altercation between an inmate and a correctional officer on June 14, 2007 at the California Substance Abuse Treatment Facility in Corcoran, California. Emery contends Officer Harris utilized excessive force in violation of the Eighth Amendment when he struck him with a closed fist.  Officer Harris contends the strikes were necessary to secure safety at the institution because, leading up to the use of force, Emery expressed hatred toward his race, refused his direct orders, screamed insults, and swung at him.

Emery is 51 years old and sustained injuries only to his head and face.  He claims lasting headaches and emotional damages.  He does not claim past or future medical expenses or lost earnings. He seeks punitive damages.

Emery seeks compensation for injuries he suffered after a physical altercation with Officer Harris. The dispute arose out of an earlier disagreement regarding Emery's eligibility to receive his quarterly package.[1]  Emery did not receive his package on the scheduled date because he was housed in administrative segregation ("AdSeg"), and inmates in AdSeg are not allowed to have packages. Officials placed Emery in AdSeg as a punishment because he repeatedly refused direct orders. Specifically, on May 3, 2007, Emery refused an order to cell with another inmate because the inmate was African American. On June 1, 2007, Emery again refused an order to accept a non-white cellmate, telling officers at SATF, "[t]here's an Indian living in my cell and I'm not living with a f***n' Indian." During his stay in AdSeg, Emery learned he had a quarterly package waiting for him. The date of the incident, June 14, 2007, represented the first opportunity for Emery to obtain his package.

On the morning of the incident, Emery approached the programming office where Officer Harris, who is African American, worked. Emery demanded the package and Officer Harris refused for disputed reasons. Emery argued with Officer Harris without success and, eventually, stormed off. Officer Harris returned to work. Emery noticed that Officer Harris had returned to work, and decided to try again to obtain the package. He approached the programming office the

---

[1] Inmates who qualify may receive a "quarterly package" from their friends or family once every three months, provided that it passes through security.

second time and began complaining about Officer Harris's refusal. Officer Harris returned to speak to Emery. Officer Harris again refused Emery's request for a package. In response to Officer Harris's second denial, Emery became very angry and shouted insults at Officer Harris, including "a**hole" and "dumb f****r," and refused to leave the front of the programming office. Officer Harris gave Emery a direct order to return to his cell and warned him that he would use force if Emery refused to comply.  Emery did not comply, so Officer Harris decided to place Emery in handcuffs and escort him back to his cell.

As Officer Harris approached Emery, he understood that a physical altercation might result from the hostile situation. Indeed, he had to safely and singlehandedly relocate an angry, non-compliant white supremacist who had already repeatedly refused to obey orders. Accordingly, Officer Harris instructed Emery to submit to handcuffs and approached him with caution. As Officer Harris neared Emery's backside and attempted to place the handcuffs on his left arm, Emery turned toward him. Officer Harris perceived Emery's turn as an immediate and substantial threat to his safety, so he used force to affect the arrest, striking Emery with his right fist. Despite the punch, Emery continued to resist arrest. He turned to face Officer Harris with his hands raised toward him, struck Officer Harris with his fists and feet, and grabbed Officer Harris's leg in an attempt to bring the officer to the ground. While Emery held on to Officer Harris's leg, Officer Harris utilized a few more closed-fist strikes until Emery let go. Throughout the altercation, Officer Harris refrained from using anything other than his own body to defend himself: he did not use his baton, his pepper spray, or his gun.

The entire incident lasted only a short time, until responding officers arrived to complete the arrest using their batons and pepper spray. Once the other officers arrived and sprayed Emery, Officer Harris removed himself from the altercation because he was dazed and incapacitated from Emery's blows and the pepper spray. Emery continued to resist arrest even after Officer Harris discontinued his involvement in the altercation. He repeatedly to rose to his feet and swung his arms wildly at the responding officers. Ultimately, the responding officers subdued and restrained Emery, then took him to the medical department for treatment.

Prison officials conducted an extensive investigation into the matter, including witness

4

interviews. Ultimately, they charged Emery with "Battery on a Peace Officer," and found him guilty. Officials also examined Officer Harris's conduct and found him innocent of any wrongdoing.

**G.     RELIEF SOUGHT**

Plaintiff seeks compensatory and punitive damages, but he has not stated an amount for either.

**H.     POINTS OF LAW**

**1. Section 1983**

The Civil Rights Act under which this action was filed provides a cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983.  To prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional or federal right, and (2) the defendant acted under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989).  "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1993) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).  There must be an actual causal connection between the actions of each defendant and the alleged deprivation.  *See Rizzo v. Goode,* 423 U.S. 362, 370-71 (1976).

**2. Excessive Force**

When a prison official uses excessive force against a prisoner, he violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment."  *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir.2002).  "Force does not amount to a constitutional violation in this respect if it is applied in a good faith effort to restore discipline and order and not 'maliciously and sadistically for the very purpose of causing harm.'"  *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). To make this determination, the Court may evaluate "the need for application of

force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' . . . 'any efforts made to temper the severity of a forceful response'" and the extent of any injury inflicted. Hudson v. McMillian, 503 U.S. 1, 7 (1992).  The malicious and sadistic use of force by prison officials always violates contemporary standards of decency (*Hudson v. McMillian*, 503 U.S. 1, 9 (1986)), even where there is no visible physical injury resulting.  *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (excessive force standard examines de minimis uses of force, not de minimis injuries).

## I.   ABANDONDED ISSUES

Plaintiff's Abandoned Issues

None reported

Defendant's Abandoned Issues

Officer Harris hereby abandons the following affirmative defenses:

1.  Defenses related to failure to state a claim (Nos. 7, 18, 29);

2.  Defenses related to the applicable statute of limitations (Nos. 8, 41);

3.  Defenses related to the Court's jurisdiction (Nos. 10, 31);

4.  Defenses related to Emery's waiver of right to relief (No. 13);

5.  Defenses related to the doctrine of laches (No. 15);

6.  Defenses related to the California Tort Claims Act (Nos. 25, 26); and

7.  Defenses related to state claims (Nos. 33, 38).

## J.   WITNESSES

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses.  No witnesses, other than as listed below, will be permitted to testify at trial unless the parties stipulate or there is a showing that manifest injustice will result otherwise. Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

Plaintiff anticipates calling the following witnesses:

1.      Steven Emery, CDCR # D-65387, 900 Quebec Ave., Corcoran, CA, 93212

2.      Michael Harris, defendant

3.      Records Custodian, California Substance Abuse Treatment Facility, 900 Quebec

Ave., Corcoran, CA, 93212.

      4.     Plaintiff's expert witness.[2]

      5.     S. Raman, M.D., California State Prison – Corcoran, 4001 King Avenue, Corcoran, California 93212.

      6.     Thanit Hasadsri, M.D., California State Prison – Corcoran, 4001 King Avenue, Corcoran, California 93212.

<u>Witnesses Plaintiff Will Call if Allegations of Racism Remain at Issue</u>[3]

      7.     Leslie Brigham, CDCR #D-62914, SATF, 900 Quebec Ave., Corcoran, CA, 93212.

      8.     Patrick Demery, CDCR #J-38293, 900 Quebec Ave., Corcoran, CA, 93212.

      9.     Lt. Aikens, California Substance Abuse Treatment Facility, 900 Quebec Ave., Corcoran, CA, 93212.

      10.    Officer Emerson, California Substance Abuse Treatment Facility, 900 Quebec Ave., Corcoran, CA, 93212.

      11.    Officer Wilson, California Substance Abuse Treatment Facility, 900 Quebec Ave., Corcoran, CA, 93212.

<u>Witnesses Plaintiff May Call</u>[4]

      12.    Jesse Greenhaw, CDCR # P-93999, Richard J. Donovan Correctional Facility, 480

---

[2]    Concurrent with this motion, Plaintiff is filing a motion for limited discovery seeking leave to retain a single testifying expert witness for trial which will be ruled on separately.

[3]    Plaintiff intends to file a motion *in limine* to exclude any testimony about or reference to Mr. Emery's religious beliefs and the unsupported, repeated, and false allegations that he is a "white supremacist." Whether Plaintiff decides to call witnesses 7. through 11. will depending on the ruling to his motion *in limine*.

[4]    Due to limited access to Mr. Emery, counsel presents these "may call" witnesses with the understanding that some or all of them may not be necessary for trial. Despite making the required showing for the appointment of *pro bono* counsel, Mr. Emery's victory has to date been at best pyrrhic. As it stands, Mr. Emery is unable to communicate regularly with counsel, to plan his trial strategy, discuss potential witnesses, or otherwise assist in the prosecution of his case. Mr. Emery has counsel, with whom he cannot offer information or guidance, and counsel have a client who they cannot offer timely advice. Counsel's attempts to arrange confidential phone calls with Mr. Emery have been rejected; legal mail deliveries have been delayed; and SATF restricts the days of the week attorneys may visit their clients. Although counsel have been making progress with SATF regarding these access difficulties, to this point access has been limited.

Alta Road, San Diego, California 92179

13.     Any other inmate appearing on the "package list," removed from Plaintiff's Central File and not produced to Plaintiff

Plaintiff has filed a motion for incarcerated witnesses to be present. (Doc. 72.)  The Court will address this motion by separate order.  Absent such a motion, which is granted, Plaintiff will not be permitted to call inmate-witnesses.

<u>Defendant anticipates calling the following witnesses</u>:

<u>Inmates</u>

(a)     Emery

(b)     Navarro – Valley State Prison, 21633 Avenue 24, Chowchilla, CA 93610

(c)     Jeffers – No longer in custody. Address unknown.

<u>Social Worker</u>

(a)     Hall – Only personal contact information available. Omitted for security reasons.

<u>Correctional Staff</u>

(a)     M. Harris

(b)     G. Floyd – Cal. Substance Abuse Treatment Facility, 900 Quebec Ave., Corcoran, CA 93212

(c)     R. Villanueva – Address presently unknown.

(d)     F. Fletcher - Cal. Substance Abuse Treatment Facility, 900 Quebec Ave., Corcoran, CA 93212

(e)     M. Vasquez - Only personal contact information available. Omitted for security reasons.

(f)     J. Silva - Cal. Substance Abuse Treatment Facility, 900 Quebec Ave., Corcoran, CA 93212

(g)     L. Duley - Only personal contact information available. Omitted for security reasons.

(h)     Couch – California State Prison – Sacramento, 100 Prison Rd., Represa, CA 95671

     (i)     Pepper – Only personal contact information available. Omitted for security reasons.

     (j)     Anders – Cal. Substance Abuse Treatment Facility, 900 Quebec Ave., Corcoran, CA 93212

     (k)     Henson – Address presently unknown.

     (l)     Pineda – Pleasant Valley State Prison, 24863 W Jayne Ave., Coalinga, CA 93210

     (m)     Cota – Cal. Substance Abuse Treatment Facility, 900 Quebec Ave., Corcoran, CA 93212

     (n)     Jimenez – Address presently unknown.

     (o)     Sanchez – Cal. Substance Abuse Treatment Facility, 900 Quebec Ave., Corcoran, CA 93212

     (p)     Lt. Cartagena – Cal. Substance Abuse Treatment Facility, 900 Quebec Ave., Corcoran, CA 93212

     (q)     Lt. Pineda – Kern Valley State Prison, 3000 West Cecil Avenue Delano, CA 93216

Medical Staff

     (a)     Carranza R.N. – Cal. Substance Abuse Treatment Facility, 900 Quebec Ave., Corcoran, CA 93212

     (b)     Ortega R.N. – Only personal contact information available. Omitted for security reasons.

     (c)     Ybarra – Only personal contact information available. Omitted for security reasons.

     (d)     L. Vasquez R.N. – Address presently unknown.

     (e)     S. Raman, MD - Only personal contact information available. Omitted for security reasons.

     (f)     J. Kim, M.D. - Address presently unknown.

     (g)     Thanit Hasadsri, M.D. – John D. Klarich Memorial Hospital, 4001 King Ave., Corcoran, CA 93212

1    (h)    L. Clark, R.N. – John D. Klarich Memorial Hospital, 4001 King Ave., Corcoran,

2    CA 93212

3    (i)    C. Ramos, R.N. – John D. Klarich Memorial Hospital, 4001 King Ave., Corcoran,

4    CA 93212.

5    **K.    EXHIBITS, SCHEDULES, AND SUMMARIES**

6    The following is a list of documents or other exhibits that the parties expect to offer at

7    trial.  No exhibits, other than those listed below, will be permitted to be used at trial unless the

8    parties stipulate or there is a showing that manifest injustice will result otherwise. Fed. R. Civ. P.

9    16(e); Local Rule 281(b)(11).

10    Plaintiff's Exhibits

11    1.    CDCR 115: Rules Violation Report bearing Log Number E-07-06-022 dated

12    6/14/2007; 8/24/2007; 9/4/2007.

13    2.    CDCR 837-A: Crime/Incident Report bearing Incident Log Number SATF-0005-

14    07-06-0210 dated 6/14/2007 and 6/15/2007.

15    3.    CDCR 837-B1: Crime/Incident Report bearing Incident Log Number SATF-0005-

16    07-06-0210 dated 6/14/2007 and 6/15/2007.

17    4.    CDCR 837-C: Crime/Incident Staff Report of Harris dated 6/19/2007.

18    5.    CDCR 837-C: Crime/Incident Staff Report of Anders dated 6/14/2007.

19    6.    CDCR 837-C: Crime/Incident Staff Report of Hall dated 6/14/2007.

20    7.    CDCR 837-C: Crime/Incident Staff Report of Floyd dated 6/14/2007.

21    8.    CDCR 837-C: Crime/Incident Staff Report of Couch, dated 6/14/2007.

22    9.    CDCR 837-C: Crime/Incident Staff Report of Fletcher, dated 6/14/2007.

23    10.    CDCR 837-C: Crime/Incident Staff Report of Sanchez, dated 6/14/2007.

24    11.    CDCR 837-C: Crime/Incident Staff Report of Pineda, dated 6/14/2007.

25    12.    CDCR 837-C: Crime/Incident Staff Report of Henson, dated 6/14/2007.

26    13.    CDCR 837-C: Crime/Incident Staff Report of Cota, dated 6/14/2007.

27    14.    CDCR 837-C: Crime/Incident Staff Report of Jimenez, dated 6/14/2007.

28    15.    CDCR 837-C: Crime/Incident Staff Report of Villanueva, dated 6/14/2007.

16.     Medical records of Steven C. Emery.

17.     Discharge Summary by Thanit Hasadsri, dated 6/29/2007.

18.     Emergency Care Flow Sheet, dated 6/14/2007.

19.     History and Physical, dated 6/22/2007.

20.     Physician's Progress Notes from June 2007.

21.     Physician's Orders from June 2007.

22.     Radiology Reports, dated 6/19/2007.

23.     Nutritional Assessment, dated 6/15/2007.

24.     Routine Meds (Inpatient Medication Record), dated June 2007.

25.     Admission Assessment, dated 6/14/2007.

26.     Nursing Care Records, dated June 2007.

27.     Corcoran State Prison, ACH Nursing Assessments, dated June 2007.

28.     Admitting Records, dated 6/14/2007.

29.     Discharge Summary Signed 6/29/2007.

30.     CDCR 7219 (Medical Report of Injury or Unusual Occurrence) of Harris, dated 6/14/2007.

31.     CDCR 7219 (Medical Report of Injury or Unusual Occurrence) of Emery (institution: Corcoran), dated 6/14/2007.

32.     CDCR 7219 (Medical Report of Injury or Unusual Occurrence) of Emery (institution: CSATF), dated 6/14/2007.

33.     Photographs of Defendant, on or about June 14, 2007.

34.     Photographs of Plaintiff, on or about June 14, 2007.

35.     Photographs of responding officers, on or about June 14, 2007.

36.     Photographs of the scene of the incident, on or about June 14, 2007.

37.     Video Interview of Plaintiff, on or about June 14, 2007.

38.     California Code of Regulations, Title 15.

39.     California Department of Corrections and Rehabilitation Operations Manual.

40.     Health Care Services Request, dated 11/14/2007.

41.     Health Care Services Request, dated 11/9/2007.

42.     Health Care Services Request, dated 11/15/2007.

43.     Health Care Services Request, dated 11/2/2007.

44.     Health Care Services Request, dated 10/24/2007.

45.     Health Care Services Request, dated 9/29/2007.

46.     Health Care Services Request, dated 9/27/2007.

47.     Health Care Services Request, dated 9/20/2007.

48.     Health Care Services Request, dated 9/5/2007.

49.     Health Care Services Request, dated 8/7/2007.

50.     Health Care Services Request, dated 3/22/2010.

51.     Radiology Report, dated 12/7/2007.

52.     Radiology Report, dated 7/13/2007.

53.     Interdisciplinary Progress Notes (CDCR 7230) , dated 2007.

54.     Inmate/Parolee Appeal (CDCR 602) bearing log number 11-00959, dated 3/24/2011.

55.     First Level Response to Appeal # D-11-00959, dated 4/14/2011.

56.     Letter from J. Steele regarding records retention in re Superior Court action No. 08C0723, dated 2/17/2010.

57.     First Level Response, log # SATF-E-07-03180, dated 9/2/2007.

58.     Second Level Response, dated 10/2/2008.

59.     Second Level Appeal Amended Response log # SATFE-07-03180, dated 5/29/2009.

60.     Director's Level Appeal Decision, dated 5/4/2009.

61.     Modification Order, dated 5/15/2009.

62.     Director's Level Modification Order, dated 6/25/2009.

63.     Emery Appellate Briefs / Letters regarding CDCR appeal of incident.

64.     Letter from S. Emery to Warden K. Clark, dated 6/21/2007.

1    65.    Inmate Response to Director's Level log # SATF-Z-07-04798, dated 12/10/2007.

2    66.    Questions for I.E. (handwritten), undated.

3    67.    Notes of Incident (handwritten), undated.

4    68.    CDC 602 (Inmate/Parollee Appeal Form) # 07-04574, dated 9/4/2007.

5    69.    First Level Response # 07-04574, dated 11/17/2007.

6    70.    Second Level Response # 07-04574, dated 1/9/2008.

7    71.    Things I need from my IE (handwritten), undated.

8    72.    CDCR 7219 (Medical Report of Injury or Unusual Occurrence) of Silva, dated
9    6/14/2007.

10   73.    CDCR 7219 (Medical Report of Injury or Unusual Occurrence) of Villanueva,
11   dated 6/14/2007.

12   74.    CDCR 7219 (Medical Report of Injury or Unusual Occurrence) of Vasquez, dated
13   6/14/2007.

14   75.    CDCR 1882 Initial Housing Review, dated 7/7/2002.

15   76.    CDCR 812 Notice of Critical Case Information Safety of Persons, dated
16   10/11/2011.

17   77.    CDCR 629-A SHU Term Assessment Worksheet, dated 10/11/2007.

18   78.    Captain's Incident Report Audit Sheet bearing Log Number SATF-05-07-06-0210,
19   dated 6/14/2007.

20   79.    Health Care Services Physician Request for Services, dated 8/29/2008.

21   80.    CDCR 7386 Mental Health Evaluation, dated 11/18/2010.

22   81.    CDCR 22 Inmate/Parolee Request for Interview, Item or Service, dated 1/3/2012.

23   82.    Inmate/Parolee Request for Interview, Item or Service, dated 2/8/2012.

24   83.    Email from Gabrielle De Santis Nield, counsel for Defendant, to Christopher
25   Wiener, counsel for Mr. Emery, dated 12/17/2013.

26   84.    Redacted Inmate Record Summary for Patrick Demery (CDCR # J38293), dated
27   12/13/2013.

28   85.    Redacted Inmate Record Summary for Leslie Brigham (CDCR # D62914), dated

12/13/2013.

86.     Letter from Gabrielle De Santis Nield, counsel for Defendant, to Christopher

Wiener, counsel for Mr. Emery, dated 12/19/2013.

87.     CDCR document on Form #CDC-128-B showing that Mr. Emery was allowed to

view a DVD disc., dated 12/3/2013.

Defendants' Exhibits

(a)     Declaration of Custodian of Records for Plaintiff's Central File

(b)     Declaration of Custodian of Records for Plaintiff's Medical Records

(c)     Declaration of Custodian of Records for Plaintiff's Unit Health Record

(d)     Declaration of Sergeant V. Black in support of Defendant's Motion for Summary

Judgment

(e)     Plaintiff's Central File

(f)     Plaintiff's Inmate Appeals

(g)     Plaintiff's Disciplinary File

(h)     CDC 115 Rules Violation Report, May 3, 2007, E-07-05-006

(i)     CDC 115 Rules Violation Report, June 1, 2007, E-07-06-003

(j)     CDC 115 Rules Violation Report, June 22, 2007, ASU1-07-06-006

(k)     CDC 115 Rules Violation Report, April 27, 2007, ASU-06-09-004

(l)     CDC 115 Rules Violation Report, September 27, 2006, ASU1-07-06-006

(m)     CDC 114-D Administrative Segregation Unit Placement Notice, June 1, 2007

(n)     CDC 114-D Administrative Segregation Unit Placement Notice, June 14, 2007

(o)     CDC 115 Rules Violation Report, June 14, 2007, E-07-06-022

(p)     CDC 837 Crime/Incident Report, June 14, 2007, SATF-05-07-06-0210

(q)     CDCR 7219 Medical Report of Injury or Unusual Occurrence, Plaintiff, June 14,

2007

(r)     CDCR 7219 Medical Report of Injury or Unusual Occurrence, Defendant, June 14,

2007

14

1    (s)    CDCR 7219 Medical Report of Injury or Unusual Occurrence, Vasquez, June 14,

2    2007

3    (t)    CDCR 7219 Medical Report of Injury or Unusual Occurrence, Silva, June 14,

4    2007

5    (u)    CDC 602 Inmate/Parolee Appeal Form, June 21, 2007, SATF-07-03180, including

6    related appeals and appellate decisions

7    (v)    Photographs of Defendant, on or about June 14, 2007

8    (w)    Photographs of Plaintiff, on or about June 14, 2007

9    (x)    Photographs of responding officers, on or about June 14, 2007

10    (y)    All photographs related to the incident

11    (z)    Video of Plaintiff, on or about June 14, 2007

12    (aa)    All videos of Plaintiff related to the incident

13    (bb)    Diagram of Location of Incident

14    (cc)    Plaintiff's Medical Records, including without limitation progress reports, imaging

15    reports, health care requests, and physician's orders, from John D. Klarich Memorial Hospital,

16    January 1, 2007-December 31, 2007.

17    (dd)    Progress Notes by T. Hasadsri, M.D., dated June 15, 2007

18    (ee)    Progress Notes by T. Hasadsri, M.D., dated June 17, 2007

19    (ff)    Radiology Report of Chest, by Mario Deguchi, M.D., dated June 18, 2007

20    (gg)    Radiology Report of Facial Bones, by Mario Deguchi, M.D., dated June 15, 2007

21    (hh)    Radiology Report of Thoracic Spine and Lumbosacral Spine, by Mario Deguchi,

22    M.D., dated June 15, 2007

23    (ii)    Radiology Report of Left Ribs, by Mario Deguchi, M.D., dated June 15, 2007

24    (jj)    Radiology Report, by Mario Deguchi, M.D., dated July 11, 2007

25    (kk)    Inpatient Medication Record, dated June14-20, 2007

26    (ll)    Nursing Care Record, dated June14-19, 2007

27    (mm)    CDC 7362 Health Care Request by Plaintiff, May 31, 2007

28    (nn)    CDC 7362 Health Care Request by Plaintiff, May 2, 2007

15

1     (oo)    CDC 7254 Progress Notes by Dr. Kim, July 26, 2007

2     (pp)    Discharge Summary by Dr. Hasadsri, June 29, 2007

3     (qq)    History and Physical by Dr. Raman, June 14, 2007

4     (rr)    Plaintiff's Medical Records, including without limitation progress reports, imaging reports, health care requests, and physician's orders, from California Department of Corrections and Rehabilitation, January 1, 2007-December 31, 2007

7     (ss)    California Code of Regulations, Title 15

8     (tt)    California Code of Regulations, Title 15, Sections 3003-3005, 3268-3268.2, 3271, 3279, 3281, 3314, 3315

10     (uu)    California Department of Corrections Departmental Operations Manual

11     (vv)    California Department of Corrections Departmental Operations Manual, Sections 51020.1-51020.23.1 , 52050.1-52050.12, 52080.5

13     (ww)   Bed Assignment History, Emery

14     (xx)    Bed Assignment History, Demery J38293

15     (yy)    Bed Assignment History, Brigham D62914

16     (zz)    Bed Assignment History, Greenhaw P93999

On or before **December 29, 2013**, the parties SHALL provide the opposing party with a copy of any exhibit not previously produced during discovery that he intends to present at trial. In addition, the original and four copies of all trial exhibits, along with exhibit lists, shall be submitted to the Courtroom Deputy no later than **February 17, 2014.**[5]

Counsel are ordered to confer no later **February 7, 2014**, for purposes of pre-marking exhibits.  All Joint exhibits will be pre-marked with numbers preceded by the designation "JT" (e.g. JT/1, JT/2, etc.).  Plaintiff's exhibits will be pre-marked with numbers beginning with 1 by the designation PX (e.g. PX1, PX2, etc.). Defendant's exhibits will be pre-marked with numbers beginning with 501 preceded by the designation DX (e.g. DX501, DX502, etc.). The Parties SHALL number each page of any exhibit exceeding one page in length (e.g. PX1-1, PX1-2, PX1-

---

[5] This includes the Original for the Courtroom Deputy, one copy for the Court, one copy for the court reporter, one copy for the witness stand, and one to retain for themselves.

3, etc.).

If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered which is not fully legible, the Court may exclude it from evidence.

1.      At the exhibit conference, counsel will determine whether there are objections to the admission of each of the exhibits and will prepare separate indexes; one listing joint exhibits, one listing Plaintiff's exhibits and one listing Defendant's exhibits.  In advance of the conference, counsel must have a complete set of their proposed exhibits in order to be able to fully discuss whether evidentiary objections exist.  Thus, any exhibit not previously provided in discovery SHALL be provided at least five court days in advance of the exhibit conference.

2.      At the conference, counsel shall identify any duplicate exhibits, i.e., any document which both sides desire to introduce into evidence.  These exhibits SHALL be marked as a joint exhibit and numbered as directed above.  Joint exhibits SHALL be admitted into evidence on the motion of any party, without further foundation.

The first page(s) of each joint exhibit binder, shall contain an index.  The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

## INDEX OF EXHIBITS

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE |
|---|---|---|

3.      As to any exhibit which is not a joint exhibit but to which there is no objection to its introduction, the exhibit will likewise be appropriately marked, i.e., as PX1, or as DX501 and will be indexed as such on the index of the offering party.   Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

4.      The first page(s) of each exhibit binder, shall contain an index. Each index shall consist of the exhibit number, the description of the exhibit and the three columns as shown in the example below.

/ / /

/ /

17

1

**INDEX OF EXHIBITS**

2

3

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|----------|-------------|----------------------|----------------------|-----------------|

4

5
     5.     On the index, as to exhibits to which the only objection is a lack of foundation,

6
counsel will place a mark under the column heading entitled "Admissible but for Foundation."

7
     6.     On the index, as to exhibits to which there are objections to admissibility that are

8
not based solely on a lack of foundation, counsel will place a mark under the column heading

entitled "Other Objections."

9
     Any separately-made objections to the evidence, SHALL be filed no later than **February**

10
**17, 2014**.

11
**L.    DISCOVERY DOCUMENTS**

12
     The following is a list of discovery documents – portions of depositions, answers to

13
interrogatories, and responses to requests for admissions – that the parties expect to offer at trial.

14
NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY

15
BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS

16
ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P.

17
16(e); Local Rule 281(b)(12).

18
     Plaintiff's Discovery Documents

19
     1.     Defendant's responses for admissions, Set 1, No. 5.

20
     2.     Defendant's responses to interrogatories, Set 1, Nos. 1-6.

21
     3.     Defendant's responses for admissions, Set 3, Nos. 1-8.

22
     4.     Defendant's responses for admissions, Set 4, No. 1.

23
     Defendants' Discovery Documents

24
     1. Transcript of Deposition of Steven Emery, taken May 9, 2012.

25
     2. Defendant Michael Harris's Request for Admissions (Set One) Propounded to Plaintiff

26
Steven C. Emery.

27
     3. Plaintiff Steven C. Emery's Responses to Request for Admissions, Set No. One,

28

Propounded by Defendant Michael Harris.

**M.      FURTHER DISCOVERY OR MOTIONS**

Plaintiff intends to file at least motions regarding the production of video evidence from CDCR surveillance cameras covering the incident and a motion for leave to serve an expert report and present expert testimony at trial.

Defendant does not anticipate any additional discovery or motion practice in this case.

**N.      MOTIONS IN LIMINE**

Any party may file motions in limine.  The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial.  Although the Federal Rules do not explicitly provide for the filing of motions in limine, the Court has the inherent power to hear and decide such motions as a function of its duty to expeditiously manage trials by eliminating evidence that is clearly inadmissible for any purpose.  *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *Jonasson v. Lutheran Child and Family Services*, 115 F. 3d 436, 440 (7th Cir. 1997).  The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose.  *Id.*

All motions in limine must be served on the other party, and filed with the Court, by **January 10, 2014.**  The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial.  Any opposition to the motion must be served on the other party, and filed with the Court, by **January 24, 2014**.  The Court will decide all motions in limine upon the written submissions.  The parties are reminded that they may still object to the introduction of evidence during trial.

**N.      STIPULATIONS**

Council for both parties will meet and confer regarding potential stipulated facts or other stipulations that might narrow the issues to be presented at trial or reduce the burden on the Court.

**O.      AMENDMENTS/ DISMISSALS**

None

/ / /

19

**P.     SETTLEMENT NEGOTIATIONS**

Though Plaintiff indicated a willingness to discuss settlement, the Defendant is not interested in settling this matter.

**Q.     AGREED STATEMENT**

None.

**R.     SEPARATE TRIAL OF ISSUES**

Defendant seeks to bifurcate the issue of punitive damages.  The Court will bifurcate the issue of the amount of punitive damages.  If the jury finds that the Defendant is liable for punitive damages, the Court will conduct a second phase of trial on the amount of punitive damages.

**S.     EXPERTS**

Plaintiff intends to seek leave of the Court to serve an expert report and present expert testimony at trial.

The Court will not appoint impartial experts in this case as none are needed.

**T.     ATTORNEYS' FEES**

Given appointed counsel, Plaintiff may seek attorney's fees.  Defendants do not seek attorneys' fees.

**U.     TRIAL DATE/ ESTIMATED LENGTH OF TRIAL**

Jury trial is set for **February 25, 2014,** at 8:30 a.m. before the Honorable Jennifer L. Thurston at the United States Courthouse, 2500 Tulare Street, Fresno, California, Courtroom 6. Trial is expected to last no longer than 2-3 days.

**V.     TRIAL PREPARATION AND SUBMISSIONS**

**1.     Trial Briefs**

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If they choose to file a brief, it SHALL be filed no later than **February 7, 2014.**

**2.     Jury Voir Dire**

The parties are required to file their proposed voir dire questions, in accordance with Local Rule 162.1, on or before **February 14, 2014.**

/ / /

1

### 3.    Statement of the Case

2      The parties SHALL serve and file a non-argumentative, brief statement of the case which

3  is suitable for reading to the jury at the outset of jury selection on or before **February 7, 2014.**

4  The Court will consider the parties' statements but, as necessary, will draft its own statement.

5  The parties will be provided with the opportunity to review the Court's prepared statement on the

6  morning of trial.

7

### 4.    Jury Instructions

8      The parties SHALL file proposed joint jury instructions as provided in Local Rule 163 on

9  or before **February 7, 2014.**   As to any instructions upon which the parties do not agree, the

10  proponent of the instruction SHALL file his proposed disputed jury instructions on or before

11  **February 7, 2014.**  Objections to disputed jury instructions SHALL be filed no later than

12  **February 12, 2014.**

13      In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury

14  Instructions to the extent possible.  All jury instructions must be submitted in duplicate: One set

15  will indicate which party proposes the instruction, with each instruction numbered or lettered, and

16  containing citation of supporting authority, and the customary legend, i.e., "Given, Given as

17  Modified, or Refused," showing the Court's action, with regard to each instruction.  One set will

18  be an exact duplicate of the first, except it will not contain any identification of the party offering

19  the instruction or supporting authority or the customary legend of the Court's disposition.

20  Defendants shall provide the Court with a copy of their proposed jury instructions via e-mail at

21  JLTOrders@caed.uscourts.gov.  If Plaintiff elects to file any proposed jury instructions, he may

22  file those, as normal, under this case number with the Clerk of the Court.

23

### 5.    Verdict Form

24      The parties SHALL file proposed joint verdict form or before **February 7, 2014.**   If they

25  cannot agree on a joint verdict form, each party SHALL file his proposed verdict form on or

26  before **February 7, 2014.**  Objections to verdict form SHALL be filed no later than **February 12,**

27  **2014.**

28  / / /

21

**W.**     **OBJECTIONS TO PRETRIAL ORDER**

Any party may, within 10 days after the date of service of this order, file and serve written objections to any of the provisions set forth in this order. Such objections shall clearly specify the requested modifications, corrections, additions or deletions.

**X.**     **COMPLIANCE**

Strict compliance with this order and its requirements is mandatory.  All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated:   __**December 30, 2013**__                    ____**/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE