# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN C. EMERY,<br><br>        Plaintiff,<br><br>   v.<br><br>HARRIS,<br><br>        Defendant. | 1:10-cv-01947-JLT (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTENDANCE OF PLAINTIFF AND INCARCERATED WITNESSES BRINGHAM AND DEMERY AT TRIAL and RESERVING RULING AS TO INMATE GREENSHAW<br><br>(Docs. 48, 49, 50, 51, 72) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's claims against Defendant Harris for the excessive use of force in violation of the Eighth Amendment. Before the Court is Plaintiff's motions for attendance of incarcerated witnesses. (Docs. 48, 49, 50, 51, 72.) Plaintiff requests that the CDCR transport himself, inmates Leslie Bringham and Patrick Demery, and possibly inmate Jesse Greenshaw (P-93999) to testify at trial. *Id*. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for attendance of himself and inmates Bringham and Demery and **RESERVES** ruling as to inmate Greenshaw pending further submission by Plaintiff.

**I.**    **BACKGROUND**

This case centers around a physical altercation between Plaintiff and Defendant which occurred on June 14, 2007 at the California Substance Abuse Treatment Facility in Corcoran,

1

California. Plaintiff contends Defendant utilized excessive force in violation of the Eighth Amendment when he struck him with a closed fist. Defendant contends the strikes were necessary to secure safety at the institution due to Plaintiff's combativeness and refusal to comply with lawful orders.

## II.    DISCUSSION AND ANALYSIS

In determining whether to grant Plaintiff's motions for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

### A.    Plaintiff

Defendant has not objected to and does not oppose production of Plaintiff for the trial of this action.[1] Thus, it appears there is no reason Plaintiff cannot be transported for trial. (Docs. 51, 72). As such, the Court has previously issued an order requiring he be transported on the day the trial is to begin. While Plaintiff's counsel requested that Plaintiff be transported the day prior to the start of the trial in this matter for their conferencing, there is neither legal basis, nor means for this request to be accommodated. However, Plaintiff's counsel is to contact the Alternative Dispute Resolution ("ADR") Division for assistance in facilitating contact with Plaintiff.

### B.    Inmates Bringham and Demery

Plaintiff requests the transport of inmates Bringham and Demery for "rebutting the repeated and unsubstantiated allegations by Defendant [] that Mr. Emery is a white supremacist or

---

[1] Defendant did not object to Mr. Emery's personal habeas writ either as filed by Plaintiff pro se or as subsequently filed by counsel. (*See* Docs. 56, 75.)

1  harbors racist views." (Doc. 72, 2:5-23.) Plaintiff has not expressed a desire to call either of
2  these inmates in his case in chief and has not indicated that either of these inmates were percipient
3  witnesses to the altercation at the core of this action. However, Plaintiff indicates that testimony
4  from these inmates will be necessary only if an *in limine* motion, which he intends to file to
5  preclude all references to Plaintiff's religion and/or allegations of Plaintiff being a racist/white
6  supremacist, is not granted, or if such evidence is entered during trial. (*Id.*, at 2:24-3:6.)

7  Defendant opposes Plaintiff's requests to transport these two inmates arguing that they
8  have no actual knowledge of the events in this case and that their subsequent relationships with
9  Plaintiff are irrelevant. (*See* Docs. 56, 75.)

10  The decision whether to allow rebuttal evidence is committed to the trial court's sound
11  discretion. *See General Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1509-
12  1510 (9th Cir. 1995); *Antevski v. Volkswagenwerk Aktiengesellschaft*, 4 F.3d 537, 540 (7th Cir.
13  1993).

14  *In limine* motions are not due and have yet to be filed in this action, so whether Defendant
15  will be allowed to introduce evidence of his understanding as to Plaintiff's religion and/or
16  racist/white supremacist views is not before the Court. However, Defendant has repeatedly
17  indicated an intent to introduce evidence of his understanding regarding Plaintiff's religion and
18  racist/white supremacist views. Neither party has raised any safety concerns regarding these
19  inmates. Thus, at this stage in the litigation, Plaintiff's request that inmates Bringham and
20  Demery be transported and allowed to testify solely as rebuttal witnesses is properly **GRANTED**.

21  **C.  Inmate Greenshaw**

22  As of this date, the only filings indicate that Plaintiff has attempted, but been unable to
23  contact inmate Greenshaw to ascertain whether he witnessed the incident, or has other knowledge
24  relevant to the trial of this matter. (*See* Docs. 48, 72.) Thus, ruling as to issuing a writ for the
25  transport of inmate Greenshaw is properly **RESERVED** pending further filings by Plaintiff to
26  justify inmate Greenshaw's attendance at the trial of this action.

27  / / /
28  / /

**ORDER**

Based upon the foregoing, the Court HEREBY ORDERS that:

1. Plaintiff's motion for his attendance at the trial of this matter (Docs. 51, 72) is **GRANTED** nunc pro tunc as an order directing his transportation has already been issued (*see* Doc. 87);

2. Plaintiff's motions for attendance of inmates Leslie Bringham and Patrick Demery (Docs. 49, 50, 72) solely for rebuttal purposes are **GRANTED**, orders directing transportation of these inmates will issue closer to the date of trial;

3. ruling on Plaintiff's motion for attendance of inmate Jesse Greenshaw (Docs. 48, 72) as a rebuttal witness is **RESERVED** pending further submission by Plaintiff;

4. Plaintiff's counsel is ordered to contact Ms. Sujean Park of the ADR Division (information below) for assistance contacting Plaintiff; and

5. The Clerk of the Court is directed to send a copy of this order to:

>  ADR Division, Attention: Sujean Park
>  U.S. District Court
>  501 I Street, Suite 4-200
>  Sacramento, CA 95814
>  Fax: (916) 930-4224
>  email: spark@caed.uscourts.gov

IT IS SO ORDERED.

Dated:   **January 6, 2014**            /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE