# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN C. EMERY,<br><br>    Plaintiff,<br><br>    v.<br><br>HARRIS,<br><br>    Defendant. | 1:10-cv-01947-JLT (PC)<br><br>ORDER DENYING DEFENDANT'S MOTION TO CONTINUE TRIAL AND TO SHORTEN TIME TO HEAR MOTION FOR SANCTIONS<br><br>(Docs. 139, 140) |

In this matter, Plaintiff, Steven C. Emery, claims that Defendant, Michael Harris, used excessive force against him in violation of the Eighth Amendment of the United States Constitution. Trial is set to begin on February 25, 2014—less than a week away. Nevertheless, now before the Court are Defendant's motions, filed on February 19, 2014, for a continuance of the trial (Doc. 139), a motion for Rule 11 sanctions (Doc. 138) and a motion for an order shortening time related to both of these motions (Doc. 140).

In his motion for sanctions, Defendant seeks approximately $23,477 under Federal Rule of Civil Procedure 11 for filing the motion to reopen discovery (Doc. 82) and for filing the spoliation motion (Doc. 107). (Doc. 138.) Likewise, Defendant seeks a continuance of the trial because his counsel was forced to respond to the spoliation motion during a period when the time could have been better spent preparing for trial. As to these motions, Plaintiff seeks an order shortening time so they can be heard before the February 25, 2014 trial date. For the reasons set

forth below, the motion to continue trial and the motion for an order shortening time is **DENIED**.

I. <u>Trial Continuance</u>

Defendant requests a 21 day continuance of the trial if he is not granted terminating sanctions under Rule 11 as requested in his concurrently filed motion.[1] In support of the request for the continuance, defense counsel argues that the last two weeks has been spent opposing Plaintiff's unforeseeable spoliation motion and that defense counsel has been deprived of the ability to fully represent their client's interests at trial such that Defendant will suffer substantial

---

[1] The motion fails to provide citation to any authority for the proposition that the Court would not abuse its discretion in issuing terminating sanctions in this instance. Indeed, the only reference to terminating sanctions is the claim that such a sanction "is available."

Plaintiff provides a drive-by citation to <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 39 (1991), purportedly as support for the claim for terminating sanctions, but the facts of this case are so wildly at odds with those presented here, that citation to this case is the equivalent of citing no authority at all. In <u>Chambers</u>, Chambers agreed to sell certain property to Nasco which required approval by the FCC. <u>Id</u>. at 36-38. By the time that the FCC filings were due, Chambers had changed his mind about selling and when he learned that Nasco intended to sue for specific performance and to seek a TRO, Chambers conveyed the property to a trust he created and then the trust provided a leaseback agreement to him. <u>Id</u>. at 37-38. Chambers' plan was to divest the court of jurisdiction to issue the TRO by showing that he no longer owned the property. <u>Id</u>. Before the conveyance was complete, Chambers' attorney appeared in court and, when asked whether there was any attempt to sell the property to a third party, the attorney failed to mention the intended action via the newly created trust. <u>Id</u>. at 37. Then, in the ensuring litigation, Chambers continued to act in bad faith through repeated refusal to cooperate with discovery and defiance of the court's orders which resulted in the court issuing a $25,000 contempt sanction. <u>Id</u>. at 38. Despite this and repeated warnings by the court, Chambers continued to employ bad faith delay tactics, filed "a series of meritless motions and pleadings . . ." and took action to attempt to further thwart the purchase agreement. <u>Id</u>. at 38-39.

After trial, the Court entered judgment in Nasco's favor and ordered the purchase to proceed. <u>Chambers</u> at 29. Chambers refused to cooperate in the sale and attempted to thwart it with the FCC. <u>Chambers</u> at 39. After the matter was set for hearing, to force Chambers to close the sale, Chambers removed all of the equipment from the site (which was the subject of the purchase agreement also) and had to be forced to return it. <u>Id</u>. Throughout the litigation, Chambers filed frivolous appeals which resulted in sanctions being imposed by the Court of Appeals. <u>Id</u>. at 40. The appellate court remanded the matter with instructions for the district court to determine whether further sanctions should be imposed. <u>Id</u>. Ultimately, the district court issued sanctions of nearly $1 million. <u>Id</u>. at 40-41. This sanction order was upheld by the Court of Appeals. The United States Supreme Court affirmed and held,

> It has long been understood that "[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution," powers "which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." <u>United States v. Hudson</u>, 7 Cranch 32, 34, 3 L.Ed. 259 (1812); see also <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980) (citing <u>Hudson</u> ). For this reason, "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." <u>Anderson v. Dunn</u>, 6 Wheat. 204, 227, 5 L.Ed. 242 (1821); see also <u>Ex parte Robinson</u>, 19 Wall. 505, 510, 22 L.Ed. 205 (1874). These powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 630–631, 82 S.Ct. 1386, 1388–1389, 8 L.Ed.2d 734 (1962).

<u>Id</u>. at 43. Despite Defendant's reliance upon <u>Chambers</u>, its holding, that the Court has inherent power to impose all appropriate sanctions, fails to support his claim in any fashion that terminating sanctions may be awarded in this instance.

prejudice if the trial is not continued.  (Doc. 139, p. 2.)

This case has been pending for over three years.  It has been set for trial since July 12, 2013. (Doc. 38.)  Thus, Defendant has had more than ample notice of the impending trial and has had significant opportunity to prepare for it.  The Court can conclude only that the decision to await trial preparation until two weeks before trial was tactically motivated; that this strategy has backfired does not demonstrate good cause to continue the trial in a case that is over three years old and in which trial has been set for over seven months.[2]

**II.  Order Shortening Time**

Defendant requests an order shortening time for consideration of his motion to continue the trial.  Because this motion is summarily denied herein, the order shortening time as to that matter is moot.  On the other hand, Defendant seeks the order shortening time as to his motion for sanctions also.  He claims only that the order is needed so that the motion may be heard before trial.  The Court does not find that this is a satisfactory reason to justify hearing the matter on shortened time (Local Rule 144(e)) and finds that no prejudice would result in the motion being heard after trial.  Thus, the motion for an order shortening time is **DENIED**.

**V.  Order**

Accordingly, the Court **ORDERS**:

1. Defendant's request to continue the jury trial (Doc. 139) is **DENIED**; and
2. Defendant's motion for an order shortening time to hear his motion to continue the trial is **DENIED** as **MOOT** and his motion for an order shortening time to hear his motion for sanctions (Doc. 140) is **DENIED**.

IT IS SO ORDERED.

Dated:   **February 20, 2014**              /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE

---

[2] In so holding, the Court recognizes that the lot of a trial attorney is not a happy one.  Last minute motions, court-imposed obligations, unavailable witnesses and other time-consuming and unforeseen events frequently impose on trial counsel and deprive them of time which could be used for trial preparation; such is the nature of litigation.