UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN C. EMERY,<br><br>        Plaintiff,<br><br>    v.<br><br>HARRIS,<br><br>        Defendant. | Case No.: 1:10-cv-01947-JLT (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION IN LIMINE PRECLUDING EVIDENCE OF THE "GREEN WALL"<br><br>(Doc. 141) |

Before the Court is Defendant's newly filed motion in limine to preclude Plaintiff from introducing evidence related to the "green wall" or a "code of silence" that precludes coworkers from speaking out about wrongful acts of other correctional officers and which obligates them to lie about or cover-up wrongdoing. For the reasons set forth below, the motion is **GRANTED**.

**I.  "Code of Silence" and "Green Wall" evidence will not be admitted.**

    **A.  Timeliness of the motion**

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 40 n. 2 (1984). The Ninth Circuit has explained that motions in limine "allow parties to resolve evidentiary disputes ahead of trial, without first having to present potentially prejudicial evidence in front of a jury." Brodit v. Cabra, 350 F.3d 985, 1004–05 (9th Cir.2003) (citations omitted). Likewise, the Seventh Circuit found motions in limine are "an

1

1 important tool available to the trial judge to ensure the expeditious and evenhanded management of
2 the trial proceedings." Jonasson v. Lutheran Child & Family Services, 115 F.3d 436, 440 (7th
3 Cir.1997).
4        Though Defendant's current motion was not filed within the deadline imposed by the Court,
5 without doubt Defendant was entitled to object to evidence of the "code of silence" or the "green wall"
6 at the time of its presentation at trial. By filing the motion in advance, Defendant allows a more
7 considered response by Plaintiff and the Court. Because the failure to file a timely motion in limine is
8 not a waiver of objections to evidence not the subject of a motion in limine, the Court does not find
9 that any prejudice results from consideration of this motion now. To the contrary, knowing the
10 Court's ruling allows the parties to better prepare for their trial presentation.

11        **B.      The Court may exclude evidence where the probative value is substantially**
12                         **outweighed by its prejudicial effect**

13        Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would
14 be without the evidence; and (b) the fact is of consequence in determining the action." Fed.R.Evid.
15 401. Evidence that is not relevant is not admissible. Fed.R.Evid. 402. Relevant evidence may be
16 excluded "if its probative value is substantially outweighed by the danger of one or more of the
17 following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or
18 needlessly presenting cumulative evidence." Fed.R.Evid. 403.
19        The issue to be decided by the jury in this action is whether Defendant used excessive force on
20 Plaintiff. The Court finds that testimony or argument regarding the "code of silence" or the "green
21 wall" is not relevant to determining whether Defendant used force maliciously and sadistically for the
22 purpose of causing harm or in a good faith effort to restore order. Hudson v. McMillian, 503 U.S. 1,
23 6–7 (1992); Whitley v. Albers, 475 U.S. 312, 320 (1986).
24        Plaintiff argues that this evidence is relevant to address the bias of defendant's witnesses.
25 Plaintiff has represented that he will offer the testimony of two officers who will testify that the code
26 of silence exists. (Doc. 148 at 27) However, Plaintiff points to no evidence that a conspiracy to lie
27 about the specific altercation at issue exists and there is no reference to any witnesses' testimony that
28 Plaintiff contends is fabricated because of a code of silence. The mere fact that the accounts of officers

at the scene differ from Plaintiff's, if they do, is not evidence that the difference is due to the existence of a code of silence. On the other hand, even assuming the officers Plaintiff intends to call have sufficient expertise[1] to offer testimony about a "code of silence," there is no showing that they can testify that this code of silence influenced the actions taken in this case or will influence the testimony to be given. The fact that they themselves comply with a code of silence is not evidence that the correctional officers who will testify do. Thus, the evidence is speculative and lacks foundation.

The Court finds also that presentation of this evidence would cause jury confusion as to the issues to be decided and would likely mislead the jury. The Court anticipates that introducing this evidence will require Defendant to counter it and this would create a "trial within a trial" and require the jury first to determine whether such a code exists. However, the existence of such a code would be important only to lure the jury away from making an individualized assessment of each witness; thus, the substantial prejudicial effect of the evidence is apparent. Moreover, since this evidence does not address directly the merits of any substantive element, its probative value is slight. Given this, the Court concludes that this evidence has such limited probative value that the significant likelihood of unfair prejudice to Defendant easily overwhelms it. See Allen v. City of Los Angeles, 2012 WL 1641712, at *2 (C.D.Cal. May 7, 2012) (finding use of term "Code of Silence" unduly prejudicial); Engman v. City of Ontario, 2011 WL 2463178, at *4 (C.D. Cal. June 20, 2011) ("Code of silence," "wall of blue" are unfairly prejudicial); Buckley v. Evans, 2007 WL 2900173, *5 (E.D.Cal. Sept.28, 2007) (precluding plaintiff from introducing evidence of the "Green Wall"). Thus, the Court finds also the probative value of such evidence is substantially outweighed by the danger of unfair prejudice.[2] F.R.E. 403.

Nevertheless, Plaintiff may, through presentation of evidence or argument, demonstrate that any correctional officer—or any witness whether a correctional officer, for that matter—who testifies is biased based upon their employment relationship, friendship, affiliation, empathy or otherwise.

---

[1] On the other hand, there are no experts designated for this trial and, notably, even when Plaintiff sought permission to disclose an expert late, he did not indicate in any fashion that this would be the topic for his expert. (Doc. 82 at 14 ["Mr. Emery anticipates that this expert witness will be a former senior-ranking CDCR official who will testify on the use of force by prison guards and general prison policies and procedures."])

[2] Plaintiff asserts also that this evidence would be pertinent to explain why the videotape, which was the subject of several other motions including the motion for spoliation, was not preserved. (Doc. 147 at 3) However, the Court has denied the motion for spoliation (Doc. 148) so no evidence of spoliation will be admitted.

However, there will be no evidence or discussion permitted related to a "code of silence," or the "green wall." Therefore, the motion in limine is **GRANTED**.

IT IS SO ORDERED.

Dated:    **February 21, 2014**                    **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE