# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN C. EMERY,<br><br>        Plaintiff,<br><br>   v.<br><br>HARRIS,<br><br>        Defendant. | 1:10-cv-01947-JLT (PC)<br><br>ORDER QUASHING IN PART AND MODIFYING PLAINTIFF'S TRIAL SUBPOENA<br><br>(Doc. 145) |

### I. Background

Plaintiff Steven C. Emery ("Plaintiff"), a state prisoner who, while proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 18, 2010. This action is proceeding on Plaintiff's claim that Defendant, Michael Harris, used excessive force against him in violation of the Eighth Amendment of the United States Constitution and is set for trial beginning on February 25, 2014 -- less than a week away.

Today, the California Department of Corrections and Rehabilitation ("CDCR") filed a document titled "Response and Objection to Plaintiff's Subpoena for the Custodian of Records to Appeal at Trial in a Civil Action" (Doc. 145) which is construed as motion to quash Plaintiff's trial subpoena.

### II. Legal Standards

Federal Rules of Civil Procedure, 45(d)(2)(B) allows a person who is commanded to

1

produce documents or tangible things or to permit inspection under a subpoena to issue a written objection.  Subsection (d)(3)(A) of Rule 45 provides that a court *must* quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  Further, subsection (d)(3)(B) of that same rule provides that a subpoena *may* be quashed or otherwise modified to protect a person subject to or affected by a subpoena if (i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion in certain circumstances.

CDCR indicates[1] that "Plaintiff's trial subpoena requested that CDCR provide 'any videotape from surveillance cameras showing E-Yard on June 14, 2007,' the package list posted on E-Yard on or about June 14, 2007, that was attached to plaintiffs rules violation report-E-07-06-022, and the personnel file of the defendant, Correctional Officer Michael Harris, 'including those sections discussing, referring, or referencing to any disciplinary actions, adverse personnel actions, and prior accusations of the use of excessive force against an inmate.'"  (Doc. 145, CDCR Obj., 2:7-12.)  CDCR alleges that there is no such video tape and no package list relative to plaintiff dated June 14, 2007.  (*Id.*)  Further, CDCR moves to quash the third set of documents requested under Rule 45(c)(3)(A)(iii) asserting qualified official information privilege.  Alternatively, CDCR requests a narrowing order of the personnel information and that any information ordered disclosed be subjected to prior *in camera* review.

CDCR provides declarations supporting their assertion that neither a videotape from surveillance cameras showing E-Yard on June 14, 2007, nor a package list posted on the E-Yard on or about June 14, 2007 relative to Plaintiff exist for production.  (*See* Doc. 145, Ex. 1, Decl. Corrall, p. 2, ¶ 3; Ex. 2, Decl. Villa, p. 2, ¶3; Ex. 3, Package Lists dated June 1, 2007 and June 11, 2007.)  Moreover, Plaintiff *admits* he has "recently confirmed that the video and the Package List were destroyed." (Doc. 148 at 7) Thus, this is sufficient to demonstrate the subpoena was not issued, on these points, for a legitimate trial purpose and the Court will order it **QUASHED** in this

---

[1] CDCR does not submit a copy of the subpoena to which objection is made.

1  regard.

2      As to the request for Defendant's personnel file, CDCR asserts that federal common law
3  recognizes a qualified privilege from production of official information. (Doc. 145, CDCR Mot.,
4  3:17-24, citing *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990).) "Official
5  information" is a qualified privilege which protects documents from production when heir
6  disclosure would be harmful to the public interest. *See e.g., Kerr v. United States Dist. Ct. for*
7  *ND. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975). The official information privilege is based on
8  judicial recognition that "disclosure of at least some kinds of information developed by law
9  enforcement could harm significant governmental interests" and that discovery of information in
10 law enforcement files "sometimes implicates rights of privacy that are not inconsequential."
11 *Kelly v. City of San Jose*, 114 F.R.D. 653, 660 (N.D. Cal. 1987). Government personnel files are
12 generally considered "official information." *See*, *e.g. Sanchez,* 936 F.2d at 1033; *Zaustinsky v.*
13 *University of Cal.*, 96 F.R.D. 622, 625 (N.D. Cal. 1983). To determine whether information
14 should be restricted as privileged, a balancing of interests should be conducted on a case-by-case
15 basis. *See Kelly*, 114 F.R.D. at 633.

16     CDCR asserts that disclosure of Defendant's personnel file would threaten and negatively
17 impact governmental and privacy interests; would jeopardize the safety of individuals whose
18 names appear in the documents; would impose serious risk to individuals who provide
19 information to prison authorities and would subject prison staff and others to manipulation,
20 harassment, threats, and physical attacks; that staff, inmates, and witnesses are assured that
21 information they share is kept confidential to ensure candor and honesty about what they have
22 seen and heard; and that disclosure of personal and personnel information would compromise
23 CDCR's ability to manage prisons, conduct inquiries and maintain staff and would chill the
24 exchange of information provided by staff, witnesses, victims, and informants thus threatening
25 the safety and security of the prison. (Doc. 145, CDCR Objs., pp. 3-4, Ex. 4. Decl. Johnson ¶¶ 6-
26 8.) On the flip side, Plaintiff has obviously requested Defendant's personnel file to obtain
27 admissible evidence regarding the excessive force that he claims he was subjected to by
28 Defendant.

The Court recognizes both the privileged nature of Defendant's personnel file and Plaintiff's need for information regarding alleged incidents of Defendant's prior use of force. Thus, this portion of Plaintiff's subpoena seeking Defendant's personnel file is properly quashed in part. The only documents from within Defendant's personnel file that need be disclosed are any complaints filed against Defendant for allegedly using excessive force on other inmates within ten years prior to the date of the trial in this matter. All such documents are to be produced to the Court for *in camera* review in both an unredacted form and a redacted form that satisfies the CDCR's safety, security, and/or privacy concerns.

### III. Order

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's trial subpoena is **QUASHED IN PART** as follows;

    a. to the extent Plaintiff's trial subpoena seeks production of the video tape of the surveillance cameras on E-Yard from June 14, 2007, it is **QUASHED**;

    b. to the extent Plaintiff's trial subpoena seeks production of a package list relative to Plaintiff that was posted on E-Yard on or about June 14, 2007, it is **QUASHED**; and

    c. to the extent Plaintiff's trial subpoena seeks production of Defendant's personnel file it is **QUASHED** as follows: The custodian SHALL produce documents of complaints against Defendant claiming the use of excessive force submitted within ten years prior to the date of the trial in this matter. All such documents are to be produced to the Court for *in camera* review in both an unredacted form and a redacted form that satisfies the CDCR's safety, security, and/or privacy concerns.[2]

IT IS SO ORDERED.

   Dated: __**February 21, 2014**__           __/s/ Jennifer L. Thurston__
                                               UNITED STATES MAGISTRATE JUDGE

---

[2] Issuance of applicable protective orders is reserved, but will be revisited if needed subsequent to *in camera* review of the subject documents.