# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN C. EMERY, | 1:10-cv-01947-JLT (PC) |
| Plaintiff, | ORDER QUASHING IN PART AND MODIFYING PLAINTIFF'S TRIAL SUBPOENA |
| v. | |
| HARRIS, | (Doc. 150) |
| Defendant. | |

**I. Background**

Plaintiff Steven C. Emery ("Plaintiff"), a state prisoner who, while proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 18, 2010. This action is proceeding on Plaintiff's claim that Defendant, Michael Harris, used excessive force against him in violation of the Eighth Amendment of the United States Constitution and trial is currently underway.

On February 21, 2014, the California Department of Corrections and Rehabilitation ("CDCR") filed a motion to quash Plaintiff's subpoena for the custodian of records to appear at trial in this action. (Doc. 150.)[1]

///

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

**II. Legal Standards**

Federal Rules of Civil Procedure, 45(d)(2)(B) allows a person who is commanded to produce documents or tangible things or to permit inspection under a subpoena to issue a written objection. Subsection (d)(3)(A) of Rule 45 provides that a court *must* quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Further, subsection (d)(3)(B) of that same rule provides that a subpoena *may* be quashed or otherwise modified to protect a person subject to or affected by a subpoena if (i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion in certain circumstances.

CDCR indicates objects to Plaintiff's trial subpoena requesting "[a]ny internal affairs case file relating to, referencing, resolving, or in any other way connected to any investigation involving Officer Michael Harris (CSATF-SP) between 2002 and 2007 (inclusive, relating generally to allegations of Officer Harris attacking, injuring, or otherwise being involved in a fight while off-duty . . ." (Doc. 150, Mot. To Quash, 3:7-11.) CDCR argues that the subpoena should be quashed both because it was not properly served and assert qualified official information privilege. Alternatively, CDCR requests a narrowing order of the personnel information and that any information ordered disclosed be subjected to prior *in camera* review. (*Id.* at 3:15-20.)

CDCR argues that there is no evidence that the subpoena was properly served since there was no proof of service attached. (*Id.* at 3:21-28.) However, Plaintiff attached a proof of service to his opposition that satisfies the service requirements. (Doc. 154, Dec. Roethlisberger, Ex. 2.)

CDCR also asserts that federal common law recognizes a qualified privilege from production of official information. (Doc. 150, Mot. To Quash, 4:1-10, citing *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990).) "Official information" is a qualified privilege which protects documents from production when heir disclosure would be harmful to the public interest. *See e.g., Kerr v. United States Dist. Ct. for ND. Cal.*, 511 F.2d 192, 198 (9th

Cir. 1975). The official information privilege is based on judicial recognition that "disclosure of at least some kinds of information developed by law enforcement could harm significant governmental interests" and that discovery of information in law enforcement files "sometimes implicates rights of privacy that are not inconsequential." *Kelly v. City of San Jose*, 114 F.R.D. 653, 660 (N.D. Cal. 1987). Government personnel files are generally considered "official information." *See*, *e.g. Sanchez,* 936 F.2d at 1033; *Zaustinsky v. University of Cal*., 96 F.R.D. 622, 625 (N.D. Cal. 1983). To determine whether information should be restricted as privileged, a balancing of interests should be conducted on a case-by-case basis. *See Kelly*, 114 F.R.D. at 633.

CDCR asserts that disclosure of investigative reports of public safety officers would threaten and negatively impact governmental and privacy interests; would jeopardize the safety of individuals whose names appear in the documents; would impose serious risk to individuals who provide information to prison authorities and would subject prison staff and others to manipulation, harassment, threats, and physical attacks; that staff, inmates, and witnesses are assured that information they share is kept confidential to ensure candor and honesty about what they have seen and heard; and that disclosure of personal and personnel information would compromise CDCR's ability to manage prisons, conduct inquiries and maintain staff and would chill the exchange of information provided by staff, witnesses, victims, and informants thus threatening the safety and security of the prison. (Doc. 150, Mot. To Quash, pp. 4-5, Ex. 2. Decl. Rosa ¶¶ 3-8.)

Plaintiff argues that: CDCR fails to provide the requisite basis to quash this subpoena (*id.* at 5:4-18); CDCR did not make the "substantial threshold showing" needed to invoke the privilege (*id.* at 5:19-6:17); the balancing test weights in favor of disclosure of the records sought (*id.* at 7:18-7:7) since the balancing test begins weighted in favor of disclosure in civil rights cases (*id.* at 8:8-19) and Plaintiff needs the information in the investigative report(s) to dispute Defendant's credibility, impeach his testimony, and support Plaintiff's claim that Defendant used excessive force and that such information has been held relevant to issues of credibility, knowledge, motive, preparation, opportunity, identity or the absence of mistake or accident (*id.* at

7:20-8:14 citing *Baker v. Hatch*, 2010 WL 3212859, at *1; *Soto*, 162 F.R.D. at 614-615; *Thomas v. Beutler*, No. 2:10–cv–01300 MCE CKD P, 2012 WL 4845571, at *7–8 (E.D. Cal. Oct.10, 2012). Plaintiff also argues that his need for the information in the files is great because it cannot be accessed from any other source. (Doc. 150, Mot. To Quash, at 9:8-14.)

Plaintiff further argues that CDCR have failed to identify any interest specific to Defendant's file that is protected, any fear or safety to specific persons from disclosure can be avoided by redacting personally identifying information; and CDCR's provides no support for the claim that others would be chilled further investigation efforts. (*Id.*, at 10:15-11:19.)

The Court recognizes both the privileged nature of investigative reports of public safety officers and Plaintiff's need for information regarding alleged incidents of Defendant's prior use of force. However, the CDCR provides only a generalized argument against disclosure and fails to specify the specific pieces of information it believes, if disclosed, would impact governmental interests or would threaten the security of those who provided information. For the official information privilege to apply, "The claiming official must 'have seen and considered the contents of the documents and himself have formed the view that on grounds of public interest they ought not to be produced' [Footnote] and state with specificity the rationale of the claimed privilege." Kerr v. U.S. Dist. Court for N. Dist. of California, 511 F.2d 192, 198 (9th Cir. 1975) aff'd sub nom. Kerr v. U. S. Dist. Court for N. Dist. of California, 426 U.S. 394, 96 S. Ct. 2119, 48 L. Ed. 2d 725 (1976). Here, in an unsigned declaration, J. Rosa asserts that the subpoena seeks official information buts fails to explain how or why. (Doc. 150-1 at 9-11) Rosa does not claim to have reviewed the materials sought but instead, relies upon the general nature of internal affairs documents and upon the CDCR's policies against nondisclosure. Id. at 9. He argues that only through maintenance of confidentiality of these records will witnesses be truthful.[2] However, given Rosa failed to detail that he reviewed the documents, Rosa fails to explain whether any witness provided any information confidentially or that there is any reason to believe

---

[2] Exactly why this is the case, is not explained. A counter argument could be made that if a witness' statements are not tested and are made without accountability, there is a lesser likelihood that truthful responses will be given. However, whether this argument or Rosa's is correct, cannot be determined because Rosa fails to provide any empirical evidence to support his position.

he/she would not have provided the information absent the cloak of confidentiality.  As a result, the Court conducted an in camera review of the documents. After this process, the Court concluded that there were no documents contained in the file which had any possible relevance to the case at hand.  The events described in the file were markedly dissimilar to those presented in this case and, even if character evidence could be introduced, the records do not demonstrate that Defendant has a character for violence as is alleged.

### III. Order

Accordingly, it is HEREBY ORDERED that the CDCR's motion to quash is **DENIED** but no records shall be disclosed.

IT IS SO ORDERED.

Dated:   **February 26, 2014**              **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE

5