BROOKS M. BEARD (CA SBN 181271)
BBeard@mofo.com
BARBARA N. BARATH (CA SBN 268146)
BBarath@mofo.com
CHRISTOPHER J. WIENER (CA SBN 280476)
CWiener@mofo.com
NICHOLAS A. ROETHLISBERGER (CA SBN 280497)
NRoethlisberger@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000

Attorneys for Plaintiff
STEVEN C. EMERY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN C. EMERY,<br><br>              Plaintiff,<br><br>     v.<br><br>MICHAEL HARRIS,<br><br>              Defendant. | Case No.   1:10-CV-01947-JLT<br><br>**STIPULATION AND ORDER OF VOLUNTARY DISMISSAL WITH PREJUDICE** |

Pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Steven Emery and Defendant Michael Harris (together, the "Parties)—by and through their respective counsel—hereby stipulate to a dismissal with prejudice of this action.  Each of the Parties shall bear his own costs and fees.  Furthermore, as agreed by the Parties and the Court (*see* Dkt. No. 163), the Court shall retain jurisdiction over this matter to enforce the settlement agreement, a fully-executed copy of which is attached to this stipulation as **Exhibit 1**.

Dated:  March 10, 2014

BROOKS M. BEARD
BARBARA N. BARATH
CHRISTOPHER J. WIENER
NICHOLAS A. ROETHLISBERGER
MORRISON & FOERSTER LLP

By:  /s/ *Brooks M. Beard*
　　　BROOKS M. BEARD

Attorneys for Plaintiff
STEVEN C. EMERY

Dated:  March 10, 2014

NIELD LAW GROUP APC

By:  /s/ *Gabrielle De Santis Nield*
　　　Gabrielle De Santis Nield (as authorized 3/10/2014)
　　　Edgar R. Nield

Attorney for Defendant
MICHAEL HARRIS

IT IS SO ORDERED.

Dated:  **March 10, 2014**　　　　　　　　**/s/ Jennifer L. Thurston**
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 1

# SETTLEMENT AGREEMENT AND RELEASE

## I. PARTIES

This Settlement Agreement and Release (Agreement) is effective as of the date of the last signature on the Agreement (Effective Date), and is entered into by STEVEN EMERY (Plaintiff), the California Department of Corrections and Rehabilitation (CDCR), and Michael Harris (Defendant). Plaintiff, CDCR, and Defendant shall collectively be referred to as the "Parties."

## II. RECITALS

Certain disputes and differences have arisen between the Parties to this Agreement. These disputes and differences resulted in Plaintiff filing an action against Defendant in the United States District Court for the Eastern District of California, styled *STEVEN EMERY v. MICHAEL HARRIS, et al.,* Case No. 10- CV-01947 GBC (PC) (the Litigation). This Agreement covers all of the claims, defenses, and other allegations in the Litigation.

Defendant and CDCR deny all of the allegations of wrongdoing made by Plaintiff in the Lawsuit. And Plaintiff denies the allegations set forth in Defendant's asserted defenses. The Parties, however, now desire and intend by this Agreement to settle all disputes between them relating to the claims, defenses, and allegations in the Lawsuit, including any rights to appeal, and that concern in any way the claims, defenses, and allegations made in the Litigation, and to discharge each other from any and all liability with reference to such claims, defenses, and allegations, except as specifically set forth in this Agreement.

Therefore, in consideration of the covenants set forth in this Agreement, the Parties settle their dispute on the terms and conditions set forth below.

## III. TERMS AND CONDITIONS

1. The Parties shall sign a voluntary dismissal with prejudice under Federal Rule of Civil Procedure 41 (a)(l)(A)(ii), which Defendant shall file immediately after the Effective Date.

2. CDCR shall pay Plaintiff $10,000.00 (the Settlement Amount). However, Plaintiff understands that CDCR is obligated by California Penal Code section 2085.5 to collect any amounts owed by a prisoner under a restitution fine or order, including any administrative fees related to such amounts. Such amounts and fees will be deducted from the Settlement Amount and paid on Plaintiff's behalf as required by Penal Code section 2085.5. If the Settlement Amount exceeds the restitution amounts and fees, the excess balance shall be made by check to Plaintiff's inmate trust account. Plaintiff further understands that CDCR is obligated to pay all outstanding

   liens against Plaintiff known or unknown, if any, which amounts must be deducted from the Settlement Amount and paid on Plaintiff's behalf to the lienholder(s).

3. Plaintiff shall complete a Payee Data Form to enable payment and credit toward his restitution obligations. If Plaintiff requests that payment be made to another person, then that person must also complete a Payee Data Form. Plaintiff shall return the completed Payee Data Forms to Defendants' counsel as soon as reasonably possible. As requested by Plaintiff, CDCR will make the check payable to Steven Emery, CDCR No. D-65387.

4. CDCR shall pay the Settlement Amount (minus any restitution amounts and fees) within 150 days from the Effective Date of the Agreement, provided that Plaintiff has provided Defendant with a stipulation of voluntary dismissal with prejudice pursuant to Rule 41(a)(1)(A)(ii) and all of the required Payee Data Forms.

5. No other monetary sum will be paid to Plaintiff.

6. Each party shall bear his or its own costs and attorney's fees.

7. There are no other actions required on the part of Plaintiff, CDCR, or Defendant.

8. The Parties agree that Magistrate Judge Jennifer L. Thurston retains jurisdiction over this case to enforce the terms of this settlement.

### IV. GENERAL RELEASE

It is the intention of the Parties in signing this Agreement that it shall be effective as a full and final accord, satisfaction, and release from all claims, defenses, and other allegations asserted in the Litigation. By signing this Agreement, Plaintiff releases CDCR, Defendant, and any other past or current CDCR employees from all claims, past, present and future, known or unknown, that arise or could arise from the allegations in the Lawsuit. By signing this Agreement, CDCR and Defendant release Plaintiff from all claims, past, present, and future, known or unknown, that arise or could arise from the allegations in the Lawsuit.

In furtherance of this intention, the Parties acknowledge that they are familiar with, and expressly waive, the provisions of California Civil Code section 1542, which states:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

This Agreement is the compromise of various disputed claims and shall not be treated as an admission of liability by any of the Parties for any purpose. The signature of or on behalf of the respective Parties does not indicate or acknowledge the validity or merits of any claim or demand of the other party.

## V. SUCCESSORS AND ASSIGNS

This Agreement shall be binding on the Parties and their respective officers, agents, administrators, successors, assignees, heirs, executors, trustees, attorneys, consultants, and any committee or arrangement of creditors organized with respect to the affairs of any such party.

Plaintiff represents that he owns the interests, rights, and claims that are the subject matter of this Agreement. Plaintiff and his principals, agents, attorneys, successors, assigns, heirs, descendants, executors, representatives, partners, and associates fully release and discharge CDCR and Defendant, and their principals, agents, successors, assigns, heirs, descendants, executors, representatives, partners, and associates from all rights, claims, and actions that Plaintiff and his successors now may have or at any time in the future may have against CDCR and/or Defendant and their successors to the extent such rights, claims, and actions arise out of or relate to the allegations in the Litigation.

CDCR and Defendant represent that they own the interests, rights, and claims that are the subject matter of this Agreement. CDCR and Defendant, and each of their principals, agents, attorneys, successors, assigns, heirs, descendants, executors, representatives, partners, and associates fully release and discharge Plaintiff and his principals, agents, attorneys, successors, assigns, heirs, descendants, executors, representatives, partners, and associates from all rights, claims, and actions that CDCR or Defendant, and each of their successors now may have or at any time in the future may have against Plaintiff and to the extent such rights, claims, and actions arise out of or relate to the allegations in the Litigation.

## VI. REPRESENTATIONS AND WARRANTIES

<u>No other consideration</u>. The consideration recited in this Agreement is the only consideration for this Agreement, and no representations, promises, or inducements have been made to the Parties, or any of their representatives, other than those set forth in this Agreement.

<u>Execution in counterpart.</u> This Agreement may be executed simultaneously in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

<u>Execution of further documents</u>. Each party to this Agreement shall execute or cause to be executed such further and other documents as are needed to carry out the expressed intent and purpose of this Agreement.

---

*STEVEN EMERY v. M. HARRIS, et al.,* Case No. 10-CV-01947-JLT
Settlement Agreement and Release

Entire agreement. This Agreement constitutes a single, integrated agreement expressing the entire agreement of the Parties, and there are no other agreements, written or oral, express or implied, between the Parties, except as set forth in this Agreement.

No oral modifications or waiver. No supplement, modification, or amendment to this Agreement shall be binding unless executed in writing by all the Parties. No waiver of any provision of this Agreement shall be binding unless executed in writing by the party making the waiver. No waiver of any provision of this Agreement shall be deemed, or shall constitute, a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver.

Governing law. Unless expressly stated otherwise in this Agreement, the terms, conditions, and provisions of this Agreement are governed by and interpreted under California state law.

Severability. Should any provision of this Agreement be held invalid or illegal, such illegality shall not invalidate the whole of this Agreement, but the Agreement shall be construed as if it did not contain the illegal part, and the rights and obligations of the Parties shall be construed and enforced accordingly.

The undersigned agree to the above:

Dated: 3-7-2014

Plaintiff STEVEN EMERY

Dated 3/10/14

Brooks M. Beard
Morrison Foerster
Counsel for Plaintiff

Dated: 3-7-14

Stu Sherman, Warden (A)
California Substance Abuse
Treatment Facility and State Prison
Corcoran (SATF-CSP)

//
//

STEVEN EMERY v. M. HARRIS, et al., Case No. 10-CV-01947-JLT
Settlement Agreement and Release

//
//

Dated: 3-7-14

_____
Edgar R. Nield
Nield Law Group APC
Counsel for Defendant Harris